RICHARD C. WOLFE (Pro Hac Vice)
SETH LERHMAN (CSBN 178303)
ROTHSTEIN ROSENFELDT ADLER
Bank of America Tower
100 SE 2nd Street, Suite 3300
Miami, Florida 33131
Tel: 305.381.7115
Fax: 305.381.7116
Email: rwolfe@rra-law.com

JAMES S. KNOPF (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| REBELUTION, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>ARMANDO C. PEREZ, an individual, MR. 305, INC., a Florida corporation, SONY MUSIC ENTERTAINMENT DIGITAL, LLC, a New York limited Liability Company, SONY MUSIC HOLDINGS INC., a New York corporation, POLO GROUNDS MUSIC, INC., a New York Corporation, and RCA RECORDS, INC., a Delaware corporation,<br><br>    Defendants.<br>_____/ | Case No.: CV-09-03979-MHP<br><br><u>DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM</u> |

1

Notice of Supplemental Authority

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | ARMANDO C. PEREZ, an individual, MR. 305, INC., a Florida corporation, SONY MUSIC ENTERTAINMENT DIGITAL, LLC, a New York limited Liability Company, SONY MUSIC HOLDINGS INC., a New York corporation , POLO GROUNDS MUSIC, INC., a New York Corporation, and RCA RECORDS, INC., a Delaware corporation,<br><br>              Counter-Plaintiffs<br><br>REBELUTION, LLC, a California Limited Liability Company<br><br>              Counter-Defendants.<br>_____/ |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants ARMANDO PEREZ, MR. 305, INC., SONY MUSIC ENTERTAINMENT DIGITAL LLC, SONY MUSIC HOLDINGS INC., POLO GROUNDS MUSIC INC. file their Answer, Affirmative Defenses and Counterclaim to the First Amended Complaint and states:

1. Defendants admit this allegation.

2. Defendants deny this allegation.

3. Defendants admit this allegation.

4. Defendants admit this allegation.

5. Defendants admit this allegation, but notes that Perez conducts business world-wide.

6. Defendants admit this allegation.

7. Defendants admit this allegation.

8. Defendants admit this allegation.

9. Defendants admit this allegation.

10. Defendants admit this allegation.

11. Defendants admit this allegation.

12. Defendants are without knowledge to admit or deny this allegation since no specific allegations have been pled.

13. Defendants deny this allegation.

14. Defendants are without knowledge to admit or deny this allegation, therefore it is denied.

15. Defendants are without knowledge to admit or deny this allegation, therefore it is denied.

16. Defendants deny this allegation.

17. Defendants deny this allegation.

18. Defendants deny this allegation.

19. Defendants deny this allegation.

20. Defendants admit these allegations.

21. Defendants are without knowledge to specifically admit these allegations, therefore they are denied.

22. Defendants admit these allegations.

23. Defendants are without knowledge to admit or deny these allegations, therefore they are denied.

24. Defendants are without knowledge to admit or deny these allegations, therefore they are denied.

25. Defendants are without knowledge to admit or deny these allegations, therefore they are denied.

26. Defendants are without knowledge to admit or deny these allegations, therefore they are denied.

27. Defendants are without knowledge to admit or deny these allegations, therefore they are denied.

28. Defendants only admit that the term "Rebelution" has been used in connection with promotional materials and advertisements for Defendant Perez's album "Pitbull, Starring In Rebelution" which included a live tour lasting approximately 5 weeks. It is denied said use constitutes an "infringing mark".

29. Defendants only admit that an album entitled "Pitbull, Starring In Rebelution" was released.

30. Defendants deny these allegations.

31. Defendants deny these allegations.

32. Defendants deny these allegations.

33. Defendants deny these allegations.

34. Defendants deny these allegations.

35. Defendants deny these allegations.

36. Defendants reallege and reincorporate their responses to 1-35.

37. Defendants deny these allegations.

38. Defendants deny these allegations.

39. Defendants deny these allegations.

40. Defendants deny these allegations.

41. Defendants deny these allegations.

42. Defendants reallege and reincorporate their responses to 1-41.

43. Defendants deny these allegations.

44. Defendants deny these allegations.

45. Defendants deny these allegations.

46. Defendants deny these allegations.

47. Defendants reallege and reincorporate their responses to 1-46.

48. Defendants deny these allegations.

49. Defendants deny these allegations.

50. Defendants reallege and reincorporate their responses to 1-49.

51. Defendants deny these allegations.

52. Defendants deny these allegations.

53. Defendants deny these allegations.

54. Defendants deny these allegations.

55. Defendants deny these allegations.

56. Defendants reallege and reincorporate their responses to 1-55.

57. Defendants deny these allegations.

58. Defendants deny these allegations.

59. Defendants deny these allegations.

60. Defendants deny these allegations.

61. Defendants deny these allegations.

62. Defendants reallege and reincorporate their responses to 1-61.

63. Defendants deny these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred since it does not own protectible rights in the Mark at issue, and hence the registration is fraudulent.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the doctrine of fair use.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred by the doctrine of de minimis infringement.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by their failure to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action with respect to his claim for statutory damages and attorneys' fees are barred as Plaintiff did not file a timely trademark registration, and does not own a protectable interest in the Mark "rebelution".

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred since Defendants' use of the Mark "rebelution" constitutes an artistic expression and merely describes the underlying work. Therefore, it is protected by the First Amendment.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred since Defendants' use of the term "rebelution" constitutes descriptive fair use pursuant 17 U.S.C. §1115(b)(4) since it is used fairly, and in good faith, to accurately describe the title of the album and tour by Pitbull.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred since Defendants' use of the Mark constitutes nomitive fair use since it does not capitalize on consumer confusion nor does not seek to appropriate Plaintiff's reputation.

**COUNTER-CLAIM**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as an action under 17 U.S.C. § 101, et seq.

2. This is an action for damages for federal trademark registration obtained by fraud pursuant to 15 U.S.C. §1120.

GENERAL ALLEGATIONS

3. Counter-Plaintiff, Armando Perez ("Perez") a/k/a Pitbull is an internationally famous, Cuban-American hip hop star, who resides in Miami-Dade County, Florida. Plaintiff owns the album and music contained in "Pitbull Starring in Rebelution"

4. Counter-Plaintiff, Mr. 305, Inc. is a Florida corporation owned by Perez. It owns the album and music contained in "Pitbull Starring in Rebelution".

5. Counter-Plaintiff, Sony Music Entertainment Digital LLC is a Delaware limited liability company with its principal place of business located in New York City, New York.

6. Counter-Plaintiff, Sony Music Entertainment is a Delaware general partnership with its principal place of business located in New York City, New York.

7. Counter-Plaintiff, Sony Music Holdings Inc. is a Delaware corporation with its principal place of business located in New York City, New York.

8. Counter-Plaintiff, Polo Grounds Music Inc. is a Delaware corporation with its principal place of business located in New York City, New York.

9. Counter-Defendant, Rebelution, LLC ("Rebelution") is a corporation organized and existing under the laws of State of California with its principal place of business in Santa Barbara, Florida.

10. Counter-Defendant obtained federal trademark registration No. 3,358,411 which issued on December 25, 2007 on the principal register of the U.S. Patent and Trademark Office.

11. When Counter-Defendant's representative, Marley Williams, a member of the band Rebelution, filed its application for trademark registrations with the U.S. Patent and Trademark Office, he signed the following declaration:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; *to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;* and that all statements made of his/her own knowledge are true; and that all statements made of his/her knowledge are true; and that all statements made on information and belief are believed to be true. (*emphasis added*) (See Ex. "A").

12. Counter-Defendant Rebelution claims ownership of the mark "Rebelution" pursuant to its application for registration. See Ex. "A".

13.     Prior to Counter-Defendant's application, filed on September 15, 2006, various musical artists used the mark "Rebelution" to describe their albums as follows:

(a)     The recording artist, Yami Bolo, did in 2003, release an album called "Rebelution" on Zion High Records.

(b)     The reggae group, "Soul Rebels" did in 2004, release an album called "Rebelution" on Barn Burner Music.

(c)     The recording artist, Tony Stampley, did in 2000, release an album called "Rebelution" on Trichord Records.

(d)     The recording artist, "Starratz," did in 2006, release an album called "Rebelution" on Perris Records.

(e)     The recording artist, Tanya Stevens did in 2006, release a reggae album called "Rebelution" on VP Records.

14.     Despite numerous prior uses of the term "rebelution" by other reggae artists as titles to their albums, Counter-Defendant, Rebelution's representative signed an oath that no prior use of the term existed in commerce. Counter-Defendant further misstated the date of first use of the mark in commerce.

15.     Counter-Defendant Rebelution thus obtained its federal trademark registration as a result of material and fraudulent representation to the U.S. Patent and Trademark Office. Counter-Defendant's trademark registration was thus obtained in violation of 15 U.S.C. §1120.

16.     Counter-Plaintiff has been forced to defend this federal action for infringement of a registered trademark against Counter-Defendant, a party with a fraudulently-procured trademark registration. Thus, he has been injured by Counterclaim Defendant's misrepresentations.

Wherefore, Counter-Plaintiff requests this Court enter an Order granting him the following:

(a) Enter a judgment that Counter-Defendant's trademark registration was procured by means of a false or fraudulent representation;

(b) Award damages to Counter-Plaintiff, pursuant to 15 U.S.C. §1120, as a direct consequence of Counter-Defendant's procurement of its registration by false or fraudulent means;

(c) Award Counter-Plaintiff its attorneys fees and costs pursuant to 15 U.S.C. §1117 because of the exceptional nature of this case;

(d) Order the Director of the U.S. Patent and Trademark Office to cancel Counter-Defendant's trademark registration number 3,358,411 pursuant to 15 U.S.C. §1119.

## JURY DEMAND

Counter-Plaintiffs demands trial by jury on all issues so triable.

Dated this 8th day of October, 2009.

ROTHSTEIN ROSENFELDT ADLER

By:_____
Richard C. Wolfe
Attorneys for Defendants
Pro Hac Vice